### ESSICK v. UNITED STATES.

#### No. 9001.

United States District Court
S. D. California, Central Division.
Oct. 20, 1949.

24

Zeutzius & Steffes, George H. Zeutzius, Los Angeles, Cal., for plaintiff.

James M. Carter, U. S. Atty., E. H. Mitchell and Edward R. McHale, Asst. U. S. Attys., Eugene Harpole, Special Attorney Bureau of Internal Revenue, Los Angeles, Cal., for defendant.

YANKWICH, District Judge.

The motions for summary judgment, heretofore made, argued and submitted, are now decided as follows:

(1) The motion of the plaintiff for summary judgment, dated June 24, 1949, is granted and judgment is ordered for the plaintiff as prayed for in the Complaint, the amount to be computed in accordance with Local Rule 7(h).

(2) The motion of the defendant for summary judgment, dated April 22, 1949, is denied.

Findings and judgment to be prepared by counsel for the plaintiff under Local Rule 7.

### Comment

Both parties have moved for summary judgment. Without trying to hold them to a consistency which would result in an admission that each party, by making such motion, concedes that no issuable fact remains to be decided, I am of the view, *on the record*, that this is, indeed, the case, and that there is no issuable fact.

The only question is one of law, whether the agreement of November 16, 1943, between the plaintiff and his wife, converting the community property into a tenancy in common constituted a transfer by way of gift, which was taxable as such. I.R.C. Sec. 1000(d). A consideration of the contentions made at the oral arguments and the numerous memoranda filed before and since, leads me to the conclusion that no taxable gift arose by the transaction.

Hence the ruling above made.

This cause came on for hearing on September 19, 1949, the motions having been briefed and argued by counsel for both

parties, were submitted to the Court for decision on the complaint, answer, supporting affidavits of plaintiff, with annexed exhibits, certified copies of plaintiff's original 1941 and 1943 gift tax returns and documentary evidence of payment of the tax and date thereof; and the Court having found that there is no genuine issue as to any material fact and that plaintiff is entitled to judgment as a matter of law, and having filed its decision herein granting the motion of plaintiff for summary judgment and denying the motion of defendant for summary judgment, and having ordered judgment for plaintiff as prayed for in the complaint, now, being fully advised in the premises, makes its written findings of fact and conclusions of law, as follows:

### Findings of Fact

1. This is a civil action, arising under the internal revenue laws of the United States, and is for the recovery of federal gift taxes and interest thereon alleged to have been erroneously and illegally assessed against and collected from the plaintiff, Bryant Essick. Jurisdiction is conferred by Title 28, United States Code Annotated, Section 1346.

2. Plaintiff is a citizen of the United States, a resident of the State of California, in Los Angeles County, City of Los Angeles, and within the jurisdiction of this Court.

3. Plaintiff, throughout his life, has been and now is domiciled in California. On August 30, 1940, he married Jeanette Marie Essick. At all times since, they have resided together as husband and wife, in Los Angeles, California.

4. At the time of his said marriage, and until March 1, 1941, plaintiff owned as his separate property an undivided one-half partnership interest in Essick Manufacturing Company (known also as Essick Machinery Company), an active business copartnership whose assets consisted of real and personal property situated at Los Angeles, California.

5. By deed dated, executed and delivered on March 1, 1941, plaintiff granted, transferred and conveyed to his said wife, by way of gift, a present, existing and equal community property interest in his said undivided one-half partnership interest as it existed on said date. This deed was accepted by plaintiff's wife, and it was recorded on March 26, 1941, in the office of the County Recorder for Los Angeles County, California. A copy of the deed was furnished to the Commissioner of Internal Revenue through his examining revenue agent.

6. By virtue of the delivery and acceptance of the deed, as aforesaid, plaintiff and his wife thereupon and thereafter held said property as community property under the laws of California. One-half of the property so transferred constituted, under both California and federal applicable laws, a valid completed gift from plaintiff to his wife of a one-fourth interest in the entire partnership of said Essick Manufacturing Company.

7. The fair market value of the interest in said property, transferred and conveyed by plaintiff to his wife, on March 1, 1941, was equal in amount to the fair market value of the community property interest which plaintiff retained.

8. On or about April 3, 1942, plaintiff filed with the Collector of Internal Revenue at Los Angeles a gift tax return for the calendar year 1941 on Treasury Department Form 709, reporting thereon the aforesaid transfer to his wife under date of March 1, 1941, at a value on said gift date of $43,189.37, less an annual exclusion of $4,000, or net taxable gifts for 1941 of $39,189.37, against which plaintiff claimed his then allowable specific exemption of $40,000 to the extent of said net taxable gifts. Said return was accepted by the Commissioner of Internal Revenue as filed, and more than four years passed without any question being raised by the Commissioner, or his subordinates with respect to the correctness of said 1941 return.

9. Between March 1, 1941 and December 31, 1943, inclusive, plaintiff made no further reportable taxable gifts; on November 16, 1943, plaintiff and his said wife, Jeanette Marie Essick, in accordance with permissive provisions of California law, entered into a written agreement entitled Property Settlement Agreement, which was duly executed and acknowledged by each

of them and recorded in the office of the Los Angeles County Recorder, at Los Angeles, California, on or about November 22, 1943.

10. By said Agreement of November 16, 1943, plaintiff and his wife, among other things, pursuant to the laws of California, converted their entire aforesaid community property partnership interest in the Essick Manufacturing Company (also known as Essick Machinery Company) into the separate property of each as tenants in common and agreed that each should hold his and her respective undivided one-half interest free from any and all community property rights or privileges of the other spouse.

11. On October 22, 1945, plaintiff filed a donor's gift tax return with Harry C. Westover, as Collector of Internal Revenue at Los Angeles, California, for the calendar year of 1943, reporting therein the facts with reference to the Agreement of November 16, 1943, attaching a true copy of said Agreement as part of the return, together with a statement of reasons why, in plaintiff's view of the transaction, no taxable gift occurred in 1943. The return indicated that there were no gifts for 1943, that there were no net gifts and that there was no gift tax due.

12. By statutory ninety-day notice, dated November 4, 1946, the Commissioner of Internal Revenue advised plaintiff, by registered mail, that he had determined a deficiency in gift tax against plaintiff as donor, for the calendar year 1943, of $6,713.51 which, with interest thereon of $1,280.68, was thereafter assessed against plaintiff who, on May 29, 1947, pursuant to demand therefor, paid said tax and interest to Harry C. Westover, as Collector of Internal Revenue, at Los Angeles, California, in the aggregate amount of $7,994.19. Said Collector promptly paid said amount into the Treasury of the United States for the use and benefit of the United States.

13. In arriving at his determination of gift tax deficiency for 1943, the Commissioner determined, so far as here material, that the aforesaid "agreement of November 16, 1943, by which certain property previously held as community property was transmuted into tenancies in common," involved a taxable transfer by plaintiff to his wife in 1943 of a one-fourth interest in the Essick Manufacturing Company, a copartnership. The Commissioner, in his said determination for the year 1943, reduced the full value of the one-fourth partnership interest, as found by him for November 16, 1943, by the full value of said one-fourth partnership interest as it existed on March 1, 1941, the partnership interest having grown in size and value between the two dates last named.

14. In his aforesaid deficiency notice of November 4, 1946, the Commissioner further determined as follows: That plaintiff completed on November 16, 1943, the transfer of a full one-fourth interest in Essick Manufacturing Company of a value of $100,000; that the same one-fourth interest was only partially transferred on March 1, 1941; that the value of the same interest on March 1, 1941, was $43,189.37, and that the latter amount should be deducted from said $100,000, together with another item of $3,421.60; that the net value of said 1943 alleged gift was $43,389.03 and that plaintiff was liable for a gift tax thereon of $6,713.51. (In its answer to the complaint, the defendant United States now alleges that the Commissioner erred in reducing the 1943 valuation of the partnership interest by its March 1, 1941 value. However, this admission does not affect this Court's holding of nontaxability of the 1943 transaction.)

15. On June 14, 1948, plaintiff duly filed with the aforementioned Collector of Internal Revenue at Los Angeles, a verified claim for the refund of said gift tax and interest aggregating $7,994.19 collected from plaintiff, as aforesaid, together with interest thereon from May 29, 1947. In his said claim for refund, plaintiff set forth the facts and grounds upon which plaintiff relied in support thereof.

16. The facts and grounds alleged in plaintiff's complaint were also set forth as facts and grounds in support of the refund claim described above.

17. At the time of the commencement of this action, more than six months had

expired from the date of the filing of said refund claim by plaintiff, and the Commissioner of Internal Revenue had not rendered a decision thereon.

18. Neither the total sum of $7,994.19, above mentioned, nor any part thereof, has been refunded to plaintiff.

Upon the foregoing findings, the Court makes and enters the following:

### Conclusions of Law

1. Plaintiff has complied with all statutory conditions constituting conditions precedent to the institution and maintenance of this action.

 2. The pleadings, affidavits, papers and admissions submitted in connection with the motions for summary judgment create no genuine issue as to any material fact. Summary judgment is proper in this case.

3. The deed executed and delivered March 1, 1941, resulted in a completed gift by plaintiff to his wife of an undivided community property one-half interest in said partnership interest, and plaintiff correctly filed his federal gift tax return in respect thereof for 1941.

4. The written Agreement of November 16, 1943 between plaintiff and his wife, converting the community property into a tenancy in common, did not involve, result in, or constitute a transfer by way of gift, within the meaning of the gift tax provisions of the Internal Revenue Code. Sec. 1000(d), I.R.C., 26 U.S.C.A. § 1000(d).

5. The Commissioner's determination of gift tax liability against plaintiff for the calendar year 1943 was erroneous and unlawful and his assessment of gift tax and interest thereon against plaintiff in the amounts of $6,713.51 and $1,280.68, respectively, was erroneous, illegal and contrary to law, in that the conversion of said community property partnership interest into a tenancy in common on November 16, 1943, did not involve any transfer of community property by way of gift from plaintiff to his wife, within the meaning of any provisions of the Internal Revenue Code. To the extent that Section 86.2(c) of Treasury Regulations 108 purports to hold as taxable the conversion into tenancies in common of community property by spouses, subsequent to 1942, they are invalid as applied to plaintiff and his wife under the facts involved.

6. Plaintiff incurred no federal gift tax liability for the calendar year 1943, and overpaid his federal gift tax for such year in the amount of $6,713.51 and interest of $1,280.68, both of which amounts were paid by him to the Collector at Los Angeles on May 29, 1947.

7. Under the law and the undisputed facts, plaintiff is entitled to recover judgment against the defendant for the principle amount of $7,994.19, together with interest thereon from May 29, 1949, according to law.